**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA

vs.

LORENZO HUGHES
_____/

CASE NO:  09-30256

MAGISTRATE JUDGE CHARLES E. BINDER

### ORDER DENYING REQUEST TO REOPEN DETENTION HEARING

At the Defendant's initial appearance, the government made a request that the Defendant be detained.  After consultation with the Defendant, defense counsel advised the Court that the Defendant would consent to detention, reserving the right to reopen this matter under the provisions in the Bail Reform Act.  After personally questioning the Defendant, I found that he knowingly waived an immediate detention hearing and consented to detention. (Doc. 5.)

The parties are before the Court today for the scheduled preliminary examination.  The Court has been advised that the Defendant is waiving the preliminary examination, and the appropriate document has been signed and filed with the Court.  However, defense counsel now requests reopening of the detention determination pursuant to the final sentences of 18 U.S.C. § 3142(f).  Defense counsel argues that changed circumstances, specifically the willingness of the Defendant's mother to act as a third party custodian, justifies reopening the hearing and the granting of a bond with conditions.  The Government opposes this request, citing Defendant's prior criminal history as well as circumstances surrounding his arrest.  Both counsel agree that none of the presumptions in favor of detention apply.

As I weigh the request to reopen the detention issue under the appropriate standards of 18 U.S.C. § 3142, I have considerable doubt that the Defendant has met his burden under the interpretation given to this provision.  In *United States v. Dylan,* 938 F.2d 1412 (1st Cir,

1991), defense counsel moved to reopen, and offered 18 affidavits from the defendant's relatives and friends said to support a reopening and imposition of bond.  On appeal, the First Circuit concluded that the district court properly denied the motion to reopen, as the information contained in the affidavits was available at the original hearing.  While this case does not exactly match the facts of *Dylan,* I am convinced that the information relating to the Defendants mother was, or easily could have been, available at the Defendant's first appearance.  Therefore, I am unable to conclude that the rather stringent standards for reopening have in fact been met.

Additionally, when the Government made their request for detention at the Defendant's first appearance, they represented that at the time of his arrest the Defendant was using an alias, and this appears to be substantiated by the Pretrial Services report.  The Government also argued that at the time of his arrest, the Defendant had in his possession a false Nevada drivers license, small photographs of himself suitable for use on drivers licenses, and a number of blank Nevada drivers licenses.

This Defendant has an extensive criminal history, which dates back to 1992.  He has pled guilty to reckless driving, driving while license suspended, driving while license suspended second offense, and attempted retail fraud.  Records developed by Pretrial Services indicate that a show cause hearing was convened based on the Defendant's failure to complete his sentence of community service that was imposed on the retail fraud charge.  In 1993, the Defendant pled guilty to a charge of unarmed robbery, and was sentenced to three years probation.   Within a month of having received that probationary sentence, the Defendant was charged in this Court with conspiracy to possess cocaine with intent to distribute.  The Defendant was sentenced to 30 months custody followed by three years of supervised release.  In February 1995, the Defendant began his term of supervised release.  In December the Defendant pled guilty to violating that supervised release, and was sentenced to 60 days custody.   Subsequently, in February 1996, this Court issued a bench

warrant for the Defendant on alleged violations of supervised release.  In September he pled guilty to the violations and was sentenced to 24 months custody.

Also in February of 1996, while on supervised release imposed by this Court, the Defendant was again charged in this Court with distribution of cocaine.  He pled guilty to that charge and was sentenced to 211 months custody and five years of supervised release.  The Defendant was released in December 2008 to a halfway house.  The incidents giving rise to the instant charges took place while the Defendant was at the halfway house.

Even if the Defendant had met the requirements to reopen the detention hearing, as I weigh the Defendant's circumstances, his criminal history, and in particular the fact that the Defendant has failed to abide by any order of supervision issued by any court, I find that there are no conditions, nor any combination of conditions, which would reasonably assure either the safety of the community or the Defendant's appearance as required.

Therefore, Defendant's request to reopen the detention hearing and to set a bond with conditions is **DENIED**.

Review of this Order is governed by 28 U.S.C. § 636(b)(1)(A) and E.D. Mich.  LR 72.1(d)(1).  Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                      s/ *Charles E Binder*
                                                     CHARLES E. BINDER
Dated: June 22, 2009                      United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and David Koelzer, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: June 22, 2009          By    s/*Jean L. Broucek*
                                          Case Manager to Magistrate Judge Binder